# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1283V
Filed: April 24, 2018
UNPUBLISHED

| | |
|---|---|
| CURTIS BAKKEN,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Kate Gerayne Westad, Larkin Hoffman, et al., Ltd., Minneapolis, MN,* for petitioner.
*Lynn Elizabeth Ricciardella, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

　　On October 6, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS") as a result of receiving the influenza ("flu") vaccine on October 10, 2013. Petition at ¶ 1. On September 26, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 28).

　　On March 28, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 35). Petitioner requests attorneys' fees in the amount of $20,272.50 and attorneys' costs in the amount of $4,733.92. *Id.* at 1. Petitioner also requests attorneys' fees and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $1,462.51 for work performed by petitioner's counsel while at the firm of Lommen Abdo, P.A.  In compliance with General Order #9, petitioner counsel represents that petitioner incurred no out-of-pocket expenses. *Id.* at 2. Thus, the total amount requested is $26,468.93.

On April 11, 2018, respondent filed a response to petitioner's motion.  (ECF No. 36).   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates, with the following exception.

It is firmly rooted that billing for clerical and other secretarial work is not permitted in the Vaccine Program.  *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).  Dwight M. Ludvingson, titled as a litigation assistant, billed a total of 2.50 hours[3] for bates stamping and uploading documents in to a data base. (ECF No. 35-3, 2-3). These tasks are considered administrative and the undersigned reduces the total fee request  from Larkin Hoffman, in the amount of $400.00.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** in part petitioner's motion for attorneys' fees and costs.

---

[3] Examples of these billing entries include: 07/19/16 "Process new document, bates label and load into Eclipse database" (0.50 hours), 10/06/16 "Process new document and load into Eclipse database; export exhibits from database for filing" (0.40 hours), 11/16/16 "Bates number PDF documents and load into Eclipse database" (0.70 hours).  ECF No. 35-3 at 2-3.

**Accordingly, the undersigned awards the total of $26,068.93[4] as follows:**

- **A lump sum of $24,606.42, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Kate Gerayne Westad; and**

- **A lump sum of $1,462.51, representing reimbursement for petitioner's fees and costs, in the form of a check payable to petitioner and Lommen Abdo, P.A.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                 **s/Nora Beth Dorsey**
                 Nora Beth Dorsey
                 Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.